UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2009 JUL -1  P 4:38

..A P. HACKETT, CL..
...ISTRICT COUR..
...DISTRICT AL..

| | |
|---|---|
| **James Martin,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No.: 3.09-CV-621 |
| ) | **Plaintiff Demands Jury Trial** |
| **Nuvell Credit Company, LLC,** a foreign limited ) | |
| liability company, and **Equifax Information** ) | |
| **Services, LLC,** a foreign limited liability company, ) | |
| ) | |
| *Defendants.* ) | |

## COMPLAINT

**COMES NOW** Plaintiff, by and through the undersigned counsel, and would show unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1. This Complaint seeks actual, compensatory, statutory and / or punitive damages, including injunctive and declaratory relief, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "the FCRA"), the Alabama Deceptive Trade Practices Act, Ala. Code 1975, § 8-19-1, *et seq.* (hereinafter referred to as "the ADTPA"), and state common law causes of action.

Page 1

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Defendants' violations of Plaintiff's rights, as alleged herein, occurred in Tallapoosa County, Alabama, and were committed within the Eastern Division of the Middle District of Alabama.

## PARTIES

3. Plaintiff James Montgomery (hereinafter referred to as "Plaintiff") is a natural person and a resident and citizen of Tallapoosa County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by the FCRA and Ala. Code 1975, § 8-19-3(2).

4. Defendant Nuvell Credit Company, LLC (hereinafter referred to as "Nuvell" or "Defendant") is a foreign limited liability company licensed to furnish credit to consumers within the state of Alabama.

5. Defendant Equifax Information Services, LLC (hereinafter referred to as "Equifax" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Equifax is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

**Defendant Nuvell:**

6. Plaintiff incorporates by reference herein paragraphs one (1) through five (5).

7. On November 21, 2005 Plaintiff filed for debt relief under Title 11 of the United States Bankruptcy Code and was discharged on July 29, 2008.[1]

8. Notwithstanding the aforesaid, Defendant continues to report Plaintiff's account to one or more of the three national consumer reporting agencies (hereinafter referred to as "CRAs") as having a current balance due and payable, rather than reflecting that such was discharged in bankruptcy.

9. For example, Nuvell reported, and continues to report, to Equifax that Plaintiff has an outstanding balance with, and remains personally liable to, that Defendant for the amount of $5,245.00. More specifically, the alleged debt being report by Nuvell was scheduled and discharged in Plaintiff's bankruptcy case.

10. Defendants obtained knowledge of Plaintiff's discharge on at least two separate occasions, *i.e.*, receipt of the BNC Certificate of Service – Meeting of Creditors and the BNC Certificate of Service – Order of Discharge, as the result of its inclusion within Plaintiff's bankruptcy petition.

11. Defendant has intentionally, willfully and maliciously failed to implement reasonable procedures to insure that Plaintiff's account is reported as having a "0" balance as

---

[1] United States Bankruptcy Court for the Middle District of Alabama, Case No.: 05-82130.

contemplated by the Fair Credit Reporting Act. The FTC's Official Staff Commentary § 607 item 6 states that "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt." Notwithstanding that the Federal Trade Commission's Staff Commentary lacks substantive precedential esteem it is persuasive in that it provides an explanation of the phrase "reasonable procedures."

12. Notwithstanding that Defendant properly updates numerous accounts each month it has intentionally, maliciously and willfully refused to do so with Plaintiff, and other similarly situated consumers. More specifically, Defendant has a policy to refuse to properly update credit files of consumers who have obtained debt relief through the U.S. Bankruptcy Code.

13. As stated by the Honorable Judge William R. Sawyer of the United States Bankruptcy Court for the Middle District of Alabama, "[t]he sheer number of ... cases [filed for a creditor's failure and/or refusal to update a discharged debtor's credit reports] may suggest that some creditors are systematically taking such action in an effort to diminish the value of a discharge in bankruptcy."[2]

---

[2] In re Norman, 2006 WL 2818814 (Bankr.M.D.Ala. September 29, 2006) (citing *Irby v. Fashion Bug (In re Irby)*, 337 B.R. 293 (Bankr.N.D.Ohio 2005) (reporting discharged debts as past due on credit report); *Helmes v. Wachovia Bank, N.A. (In re Helmes)*, 336 B.R. 105 (Bankr.E.D.Va.2005) (reporting the discharged debt as "over 120 days past due" on credit report); *Smith v. Am. Gen. Fin. Inc. (In re Smith)*, 2005 WL 3447645 (Bankr.N.D.Iowa Dec. 12, 2005) (reporting discharged debts as "account charged off/past due 180 days," "charged off as bad debt," and "charged-off" on credit report); *In re Miller*, 2003 WL 25273851 (Bankr.D.Idaho Aug. 15, 2003) (listing discharged debts as still due on the consumer's credit report); *Vogt v. Dynamic Recovery Servs. (In re Vogt)*, 257 B.R. 65 (Bankr.D.Colo.2000) (reporting discharged credit card debts as still owed on credit report); *Carriere v. Proponent Fed. Credit Union*, 2004 WL 1638250 (W.D.La. July 12, 2004) (reporting discharged debts as "charged off" and

14. Defendant has promised, through its subscriber agreements or contracts with the CRAs to update accounts that have been discharged in bankruptcy but has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiff's credit reports.

15. Defendants has a policy to "park" its accounts on at least one of Plaintiff's credit reports. This industry-specific term refers to keeping a false balance on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

16. Defendant has agreed to and understands it must follow the requirements of the FCRA including, but not limited to, the following:

   a) 15 U.S.C. § 1681(a)(1)(A) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."[3]

   b) 15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

      (i) the person has been notified by the consumer, at the address

---

"past due 180 days" on credit report)).
[3] As indicated herein, Defendants have either affirmed the validity of, or attempted to collect upon, these debts by reporting the same to the CRAs subsequent to Plaintiff's discharge.

specified by the person for such notices, that specific information is inaccurate; and

(ii)    the information is, in fact, inaccurate."

c)    15 U.S.C. § 1681(a)(2) which states, "[a] person who -

(A)    regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B)    has furnished to a consumer reporting agency information that the person <u>determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate</u>, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate." (emphasis supplied).

17.    Defendant knows that "parking" balances, to intentionally and maliciously coerce consumers into paying discharged debts, will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed. Because Plaintiff's credit reports have been accessed since the discharge, such false information has been published to third parties.

18.    All actions taken by employees, agents, servants, or representatives of any type for

Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

19. Defendant's actions – engaging in a pattern and practice of wrongful and unlawful behavior, *i.e.*, attempting to collect upon discharged debts – were malicious, wanton, reckless, intentional or willful, and performed with the desire to harm Plaintiff, with the knowledge that its actions would very likely harm Plaintiff, and that its actions were taken in violation of the law.

20. The actions, omissions, misrepresentations, and violations of the FCRA, ADTPA, federal law, and state law of Defendant, regarding Plaintiff's discharged debts, as described herein, constitute harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation of which Plaintiff will in the future continue to suffer.

**Defendant Equifax:**

21. Defendant has failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information it has published, and continues to publish, in consumer credit reports in violation of 15 U.S.C. § 1681(e)(b).

22. Indisputably, based upon the sheer volume of factually identical actions, Defendant should reasonably be aware of the inadequacy of its procedures and implement policies to improve the accuracy of the information it publishes. The FTC's Official Staff Commentary § 603 item B states that "[a] consumer reporting agency must also adopt

reasonable procedures to eliminate systematic errors that it knows about, or should reasonably be aware of, resulting from procedures followed by its sources of information."

23. Defendant's intentional, reckless, and willful violations of the FCRA, federal law and state law has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer.

**COUNT ONE
ALL DEFENDANTS
VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681, *et seq.*** 

24. Plaintiff incorporates by reference herein paragraphs one (1) through twenty-three (23).

25. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

   a) By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C. § 1681(e)(b);

   b) By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;

   c) By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of

errors, reporting information after notice and confirmation of errors, failing to update and/or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of closed account;

c) Defaming Plaintiff by publishing to third parties false information regarding Plaintiff's creditworthiness;

d) Invading the privacy of Plaintiff; and

e) Failing in their duty to prevent foreseeable injury to Plaintiff.

26. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business, and in gross reckless disregard of the rights of Plaintiff.

27. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiff's actual, compensatory, and statutory damages, if applicable punitive damages, and costs and attorney's fees under the FCRA.

### COUNT TWO
### ALL DEFENDANTS
### VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
### ALA. CODE 1975 § 8-19-3, *et seq.*

28. Plaintiff incorporates herein by reference paragraphs one (1) through twenty-seven (27).

29. The conduct described herein has caused actual confusion or misunderstanding as to the

source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

30. Such conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is prohibited, unfair, and deceptive.

31. The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited.

32. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

33. Defendants' unfair and deceptive acts have proximately caused emotional and actual damages, and Defendants are liable to Plaintiff for such injury.

## COUNT THREE
## DEFENDANT NUVELL
## NEGLIGENT, RECKLESS AND WANTON CONDUCT

34. Plaintiff incorporates herein by reference paragraphs one (1) through thirty-three (33).

35. Defendant's acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

36. As a proximate consequence of Defendant's negligence, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further

relief deemed appropriate by this Court.

### COUNT FOUR
### ALL DEFENDANTS
### INVASION OF PRIVACY

37. Plaintiff incorporates by reference herein paragraphs one (1) through thirty-six (36).

38. Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

39. Defendants' actions were done so maliciously, without privilege, and with a willful intent to injury Plaintiff.

40. As a proximate consequence of Defendants' invasion of Plaintiff's privacy, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT FIVE
### ALL DEFENDANTS
### DEFAMATION

41. Plaintiff incorporates by reference herein paragraphs one (1) through forty (40).

42. Defendants published false information about Plaintiff by reporting to one or more of the CRAs, or other third parties, either a false account or balance.

43. Likewise, Defendants published false information about Plaintiff each time Plaintiff's credit reports were accessed – which was the result intended by Defendants.

44. The publications and defamations were done so maliciously, without privilege, and with

a willful intent to injure Plaintiff.

45. As a proximate consequence of Defendants' false reporting or publishing, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT SIX
## DEFENDANT NUVELL
## MISREPRESENTATION

46. Plaintiff incorporates by reference herein paragraphs one (1) through forty-five (45).

47. Defendant intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that ot falsely represented to others that Plaintiff owes money to that Defendant.

48. Defendant intends that those who review the credit reports of Plaintiff will rely upon the misrepresentations and suppressions of material fact related to the balance owed and the lack of indication that the account was discharged in bankruptcy.

49. Defendant intended that the justifiable and reasonable reliance by others would adversely affect Plaintiff.

50. As a proximate consequence of Defendant's intentional misrepresentation, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT SEVEN
## ALL DEFENDANTS
## DECLARATORY AND INJUNCTIVE RELIEF

51. Plaintiff incorporates herein by reference paragraphs one (1) through fifty (50).

52. A dispute exists as to whether Defendants have violated the FDCPA, FCRA, ADTPA, federal law or state law.

53. Plaintiff is entitled to injunctive relief, a declaratory judgment, and a determination that Defendants violated the FCRA, ADTPA, federal law, and state law, and Plaintiff is similarly entitled to an order enjoining said acts.

54. As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to actual, compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

55. Defendants' actions, omissions, and violations, as alleged herein, constitute the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

**WHEREFORE, THE PREMISES CONSIDERED,** Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

   a) Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be

appropriate;

b)  Award Plaintiff actual damages;

c)  Award Plaintiff punitive damages;

d)  Award Plaintiff statutory damages where applicable;

e)  Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment;

f)  Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g)  Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 1st day of July, 2009.

Anthony Brian Bush (BUS028)
*Attorney for Plaintiff*
The Law Office of Jay Lewis, LLC
847 South McDonough Street, Suite 100
Montgomery, Alabama 36104
Phone:      (334) 263-7733
Facsimile:  (334) 832-4390
Bar Id. #:  ASB-7306-A54B
anthonybbush@yahoo.com

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

NUVELL CREDIT COMPANY, LLC
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

EQUIFAX INFORMATION SERVICES, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104